IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANDRE GASTON,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     1:13CV891
                                 )
PBI GORDON CORPORATION,          )
                                 )
          Defendant.             )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before the court is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant PBI Gordon Corporation ("Defendant"). (Doc. 7.) Plaintiff Andre Gaston ("Plaintiff"), proceeding pro se, has responded in opposition (Doc. 12), and Defendant has replied (Doc. 13). This motion is now ripe for adjudication, and, for the reasons that follow, Defendant's motion will be granted.

## I. BACKGROUND

The following facts are taken as alleged in Plaintiff's Complaint:

Plaintiff is a citizen domiciled in the State of Washington. (Complaint ("Compl.") (Doc. 2) ¶ 9.) Defendant is a Kansas or Missouri corporation that designed and manufactured a

weed-killing herbicide product called "Pronto Big N' Tuf." (Id. ¶ 10.)

At the time of the incident, Plaintiff, a 42-year-old man living in Salisbury, North Carolina, worked as the "COO" for Carolina Health & Day Services, LLC, a for-profit business serving disabled and elderly clients. (Id. ¶ 15.) On or about August 2, 2011, Plaintiff used Defendant's Pronto Big N' Tuf herbicide in a pump sprayer[1] to treat the lawn at the Carolina Health & Day Services facility where he worked. (Id. ¶ 16.)

Plaintiff's Complaint contains a number of conclusory allegations with respect to research, data, and other general matters relating to herbicides. Plaintiff's specific allegations as to the circumstances of the transaction at issue in this case are limited. Plaintiff alleges that he filled the plastic compartment of the pump sprayer with Defendant's Pronto Big N' Tuf and "pumped the container to have the herbicide dispersed through the wand." (Id. ¶¶ 16-17.) The pressure built by the pumping of the handle caused the sprayer to rupture, "spewing the liquid herbicide all over plaintiff's person, vehicle, front porch of the residential facility, living room

---

[1] Pump sprayers are plastic containers typically worn on the shoulder that are hand-pumped to create pressure which is used to disperse a mixture through an attached nozzle (sometimes called a "wand"). (See id. ¶¶ 1, 3.)

floor, dining room floor and carpet, clothing and other items." (Id. ¶ 20.) Plaintiff alleges that, "as a result of Defendant's negligence," he suffered physical injury and the facility where he worked suffered substantial damage and economic loss. (Id. ¶ 21.) The pump sprayer Plaintiff used was manufactured by a nonparty to the suit. (Id. ¶ 18.)

## II.  LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). All "[p]leadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), and the complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (internal quotations omitted).  However, to survive a Rule 12(b)(6) motion, a plaintiff must allege "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In order for a claim to be facially plausible, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate

"more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556).

When faced with a pro se plaintiff, the pleading is "to be liberally construed," and the "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). While pro se complaints "represent the work of an untutored hand requiring special judicial solicitude," Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)), such pro se status does not "transform the court into an advocate" on behalf of the plaintiff. Id.

## III. **ANALYSIS**

Plaintiff asserts six causes of action: (1) negligence, (2) negligent misrepresentation, (3) fraud, (4) strict tort liability (manufacturing defect), (5) strict tort liability (failure to warn), and (6) breach of implied warranty. (See Compl. (Doc. 2) at 5-12.)

### A. FIFRA Preemption

Plaintiff alleges several causes of action arising out of Defendant's alleged failure to properly warn consumers of the danger of its herbicide product.

As a preliminary matter, Defendant contends that several of Plaintiff's causes of action are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). See 7 U.S.C. § 136v(b); Bates v. Dow Agrosciences LLC, 544 U.S. 431 (2005). FIFRA provides that a "State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." 7 U.S.C. § 136v(b). In Bates, the Supreme Court addressed the scope of FIFRA's preemption of state law claims, developing a two-step test to evaluate whether a state law fell within FIFRA's preemption provision. "First, [the state law or regulation] must be a requirement 'for labeling or packaging'; rules governing the design of a product, for example, are not pre-empted. Second, it must impose a labeling or packaging requirement that is 'in addition to or different from' those required under this subchapter." Bates, 544 U.S. at 444. "[T]he Bates Court explained that the plaintiffs' fraud and negligent-failure-to-warn claims, which were premised on a deficiency in

the labeling or packaging of the product at issue, would be preempted by FIFRA, unless the duties that the claims implicated were simply equivalent to FIFRA's own misbranding provisions . . . ." Riegel v. Medtronic, Inc., 451 F.3d 104, 121 (2d Cir. 2006), aff'd, 552 U.S. 312 (2008).

Defense counsel relies primarily on FIFRA preemption but fails to address the two-step test announced in Bates. Because Defendant relies exclusively on pre-Bates precedent, this court will not address Defendant's preemption argument under FIFRA. Cf. Indian Brand Farms, Inc. v. Novartis Crop Prot. Inc., 617 F.3d 207, 221 (3d Cir. 2010)("Bates introduced a different analysis of FIFRA preemption, one that compels us to depart from this pre-Bates precedent." (citing Worm v. Am. Cyanamid Co., 5 F.3d 744, 748 (4th Cir. 1993))).

### B. Strict Product Liability

Counts Four and Five of Plaintiff's Complaint assert claims for "strict tort liability" and strict liability for Defendant's failure to warn the dangers of using Pronto Big N' Tuf in a sprayer.

"North Carolina expressly rejects strict liability in products liability actions." Warren v. Colombo, 93 N.C. App. 92, 102, 377 S.E.2d 249, 255 (1989); N.C. Gen. Stat. § 99B-1.1

("There shall be no strict liability in tort in product liability actions."). Because Plaintiff relies on causes of action not recognized in North Carolina, counts four and five are subject to dismissal.

C. <u>**Other Causes of Action**</u>

Plaintiff fails to state a plausible claim for any of the remaining causes of action. With respect to the incident in question, Plaintiff only alleges that he was using Defendant's product in a third-party's sprayer, the sprayer leaked or ruptured, and as a "result of Defendant's negligence [Plaintiff] suffered irreparable economic loss" and other damages. The remainder of Plaintiff's Complaint merely restates elements of the asserted causes of action and draws legal conclusions. As discussed below, even considering the liberal pleading standard afforded to <u>pro se</u> plaintiffs, such threadbare facts mixed with legal conclusions will not properly support any of Plaintiff's alleged claims.

i. **Count One - Negligence**

Under North Carolina law, "[t]he elements of a cause of action based on negligence are: a duty, breach of that duty, a causal connection between the conduct and the injury and actual loss." <u>Gregory v. Kilbride</u>, 150 N.C. App. 601, 608, 565 S.E.2d

685, 691 (2002). "To establish that negligence was a proximate cause of the injury suffered, a plaintiff must establish that the injury would not have occurred but for the defendant's negligence." Liller v. Quick Stop Food Mart, Inc., 131 N.C. App. 619, 624, 507 S.E.2d 602, 606 (1998).

Here, it is unclear if Plaintiff is asserting his negligence claim based on Defendant's failure to properly label its product or based on a manufacturing defect in Defendant's product. Either way, Plaintiff has not alleged any facts that would allow this court to infer proximate causation. Nor has Plaintiff alleged any facts supporting an inference that Defendant, as opposed to the third-party manufacturer of the sprayer, breached any duty.[2] Again, Plaintiff has only alleged that the malfunction of the sprayer caused Defendant's Pronto Big N' Tuf to spew over Plaintiff and his property, causing injury. Without any facts identifying what injuries Plaintiff suffered or how those injuries were caused, Plaintiff's claim for negligence must be dismissed.

---

[2] Plaintiff's conclusory allegations as to research, data, and other general matters fail to support a finding or even an inference as to proximate cause with respect to the rupture of the sprayer. Similarly, those conclusory allegations do not support the other causes of action as specifically noted hereinafter.

### ii. Count Two - Negligent Misrepresentation

"The tort of negligent misrepresentation occurs when [1] a party justifiably relies [2] to his detriment [3] on information prepared without reasonable care [4] by one who owed the relying party a duty of care." Raritan River Steel Co. v. Cherry, Bekaert & Holland, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988). "Therefore, to withstand [a] motion to dismiss, plaintiffs at bar must be able to show that they justifiably relied - to their detriment - on the information provided them by defendants and that defendants owed plaintiffs a duty of care to be certain that the information provided was complete and accurate." Simms v. Prudential Life Ins. Co. of Am., 140 N.C. App. 529, 532-33, 537 S.E.2d 237, 240 (2000).

"In [North Carolina], we . . . have held that the action lies where pecuniary loss results from the supplying of false information to others for the purpose of guiding them in their business transactions." Driver v. Burlington Aviation, Inc., 110 N.C. App. 519, 525, 430 S.E.2d 476, 480 (1993). "However, we have not found, and plaintiffs have not directed us to, any case in which the theory of negligent misrepresentation was approved as a basis for recovery for personal injury." Id. at 525, 430 S.E.2d at 481. This court finds that under North Carolina law,

Plaintiff's negligent misrepresentation claim is more appropriately considered as a claim for traditional negligence. Plaintiff has not cited, and this court cannot find, a case holding that a claim premised on mislabeling could be properly stated as negligent misrepresentation. Even if negligent misrepresentation were the appropriate tort to bring his claims under, Plaintiff has not alleged any facts allowing this court to infer justifiable reliance.

### iii. Count Three – Fraud

Under North Carolina law, the elements of fraud are "'(1) [f]alse representation or concealment of a [past or existing] material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.'" Phelps-Dickson Builders, L.L.C. v. Amerimann Partners, 172 N.C. App. 427, 437, 617 S.E.2d 664, 670 (2005)(second alteration original)(quoting Ragsdale v. Kennedy, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974))."In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fourth Circuit has "elaborated that the circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false

representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." McCauley v. Home Loan Inv. Bank, F.S.B., 710 F.3d 551, 559 (4th Cir. 2013)(internal quotation marks omitted).

Here, Plaintiff alleges that Defendant's "agents and sales representatives knowingly and intentionally made material misrepresentations to Plaintiffs [sic], and to the public that the continuous use of herbicides with the sprayer pumps were safe for use, such as Plaintiffs [sic]." (Compl. (Doc. 2) ¶ 39.) Plaintiff then restates the elements of a fraud claim. Among other deficiencies, Plaintiff does not allege any facts detailing where these misrepresentations were made, who made them, or when they were made. Plaintiff asserts, in conclusory fashion, that he justifiably relied on these misrepresentations, but does not allege any facts supporting such contention. Even in light of the liberal pleading standard afforded to pro se plaintiffs, Plaintiff's threadbare and conclusory assertions fall well short of Rule 9's heightened pleading standard.

### iv. Count Six – Breach of Implied Warranty

To state a claim for a breach of implied warranty of merchantability, a plaintiff must properly allege that "(1) that the goods in question were subject to an implied warranty of

merchantability; (2) that the goods were defective at the time of the sale and as such did not comply with the warranty; (3) that the resulting injury was due to the defective nature of the goods; and (4) that damages were suffered." Williams v. O'Charley's, Inc., 728 S.E.2d 19, 21 (N.C. Ct. App. 2012).

Plaintiff has not alleged any facts that Defendant's Pronto Big N' Tuf was defective at the time of the sale. Moreover, Plaintiff has not alleged any facts that would allow this court to infer that Defendant's product actually caused the injuries to Plaintiff's person and property. Instead, Plaintiff has only alleged that a plastic pump sprayer ruptured, causing Defendant's Pronto Big N' Tuf to spill, and resulting in damages. Without more, Plaintiff's breach of implied warranty claim cannot survive Defendant's motion to dismiss.

Because Plaintiff has not properly stated a claim for relief, Defendant's motion must be granted.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (Doc. 7) is hereby **GRANTED** and the Complaint (Doc. 2) is **DISMISSED**. A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

This the 20th day of August, 2014.

                                   /s/ William L. Osteen, Jr.
_____
                                   United States District Judge